JAMES N. KRAMER (State Bar No. 154709)
*jkramer@orrick.com*
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard St.
San Francisco, CA 94105
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

KEVIN M. ASKEW (State Bar No. 238866)
*kaskew@orrick.com*
BLAKE L. OSBORN (State Bar No. 271849)
*bosborn@orrick.com*
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 S. Figueroa St., Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

Attorneys for Defendants
Resonant Inc., Terry Lingren, John E. Major,
Robert B. Hammond, Janet K. Cooper,
Rick Kornfeld, and Thomas R. Joseph

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

FILED
CLERK, U.S. DISTRICT COURT
November 16, 2015.
CENTRAL DISTRICT OF CALIFORNIA
BY: VPC DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| LISA DOYLE, DERIVATIVELY AND ON BEHALF OF RESONANT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TERRY LINGREN, JOHN E. MAJOR, ROBERT B. HAMMOND, JANET K. COOPER, RICK KORNFELD, and THOMAS R. JOSEPH, <br><br> Defendants, <br><br> and <br><br> RESONANT INC., <br><br> Nominal Defendant. | Case No. 15-CV-07568-SJO (MRWx) <br><br> **ORDER STAYING PROCEEDINGS** <br><br> The Honorable S. James Otero |

## **ORDER**

Upon review of the parties' Stipulation to Stay Proceedings, and for good cause shown,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The proceedings in this action (the "Derivative Action"), including Defendants' obligation to respond to the Complaint in the Derivative Action, shall be stayed until any of the following triggering events (the "Triggering Events"): (1) the entry of an order in Case No. 15-cv-01970-SJO (VBKx), *In re Resonant Inc. Sec. Litig.* (the "Securities Class Action"), denying any motions to dismiss filed in the Securities Class Action; (2) the commencement of discovery in the Securities Class Action; (3) a joint request by Plaintiff and Defendants to lift the Stay; (4) a request by Plaintiff to lift the stay in the event a related derivative action is filed and not stayed after 30 days of its filing; or (5) further order of the Court.

2. The Defendants in the Derivative Action shall not be required to move, answer, plead or otherwise respond to the Complaint (or any amended complaint) during the pendency of the stay.

3. In the event that Defendants during the pendency of the stay produce any discovery (defined below) to the plaintiffs in the Securities Class Action, in any other shareholder derivative action alleging substantially the same facts and claims as those in the Derivative Action ("New Derivative Action") or in any action or demand brought against Resonant pursuant to 8 Del C. §220 to compel inspection of books and records that are substantially related to the facts and claims at issue in the Derivative Action ("Books and Records Action"), Defendants shall produce to Plaintiff in the Derivative Action copies of that discovery in the form and manner in which such discovery is produced to plaintiffs in the Securities Class Action, the New Derivative Action or the Books and Records Action, provided that Plaintiff agrees to enter into and be bound by a protective order or confidentiality agreement that is substantially similar to any protective order or confidentiality agreement

1  entered in the Securities Class Action, the New Derivative Action or the Books and
2  Records Action, and Plaintiff agrees to pay the reasonable costs of printing and
3  postage incurred in producing the additional copy of the discovery in the event such
4  discovery was not produced in an electronic format, provided that Plaintiff is not
5  responsible for the costs of any professional fees and services incurred in producing
6  the additional copy of such discovery.  For purposes of this agreement, "Discovery"
7  is defined to include all documents produced by Defendants in the Securities Class
8  Action, New Derivative Action or Books and Records Action; all formal responses
9  by any of the Defendants to interrogatories, requests for production, or requests for
10 admission in such action(s); and true and correct copies of all transcripts and
11 exhibits for any deposition taken of any Defendant, including employees of the
12 Company, in such action(s).

13     4.   Within 14 days of the occurrence of any of the Triggering Events, the
14 parties will meet and confer in good faith to determine the appropriate course for
15 the Derivative Action, and will promptly thereafter submit a Joint Report to the
16 Court containing the parties' proposals regarding scheduling, including a proposed
17 deadline for Defendants' responses to the Complaint.

18     5.   Notwithstanding a stay of this action, Plaintiff is permitted to file an
19 amended complaint.

20     **ADDITIONALLY, A STATUS CONFERENCE REGARDING THE**
21 **STATUS OF THE STAY IS SET FOR HEARING ON MONDAY, APRIL 18,**
22 **2016 @ 8:30 A.M.  THE PARTIES SHALL FILE A JOINT STATUS**
23 **REPORT BY APRIL 4, 2016.**

24     IT IS SO ORDERED.

25 DATED: November 16, 2015.

26                                             HON. S. JAMES OTERO
                                               UNITED STATES DISTRICT JUDGE
27
28