NOTE CHANGES RE OBJECTIONS
IN SECTIONS 5 AND 9

1
2
3
4
5
6
7

> **FILED**
> CLERK, U.S. DISTRICT COURT
>
> February 1, 2018
>
> CENTRAL DISTRICT OF CALIFORNIA
> BY:      VPC      DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| LISA DOYLE, DERIVATIVELY AND ON BEHALF OF RESONANT INC., | Case No. 15-cv-07568-SJO (MRWx) |
| Plaintiff, | Hon. S. James Otero |
| v. | |
| TERRY LINGREN, et al., | **ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE** |
| Defendants, | |
| and | |
| RESONANT INC., | |
| Nominal Defendant. | |

WHEREAS, the parties to the above-captioned shareholder derivative action (the "Action") have made an application, pursuant to Federal Rule of Civil Procedure 23.1, for an order: (i) preliminarily approving the Stipulation and Agreement of Settlement dated December 14, 2017 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the Action with prejudice; and (ii) approving the form and content of the Notice to Current Resonant Stockholders (the "Notice");

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all Settling Parties have consented to the entry of this Preliminary Approval Order;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Action, the Settlement, and over the Parties to the Stipulation.

2. The Court preliminarily finds that the proposed Settlement should be approved as being fair, reasonable, adequate, and in the best interests of Resonant and its shareholders.

3. In connection with preliminary approval of the proposed Settlement, the Court preliminarily finds, for purposes of the Settlement only, that the Action was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as a shareholder derivative action on behalf of Resonant, and that Plaintiff fairly and adequately represents the interests of Resonant shareholders in enforcing the rights of Resonant.

4. A hearing (the "Settlement Hearing") shall be held on Monday, April 2, 2018 at 9:00 a.m., before the Honorable S. James Otero, at the United States District Court for the Central District of California, 350 West 1st Street, Courtroom 10C, Los Angeles, California 90012, to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are

fair, reasonable, and adequate to Resonant and Current Resonant Stockholders and should be finally approved by the Court; (ii) whether a Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Action with prejudice and releasing and enjoining the prosecution of any and all Released Claims; and (iii) whether Plaintiff's Counsel's Fee Award, including any Service Award, should be finally approved.  At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

5.     The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation---with alterations to reflect the Court's desire that objections be served on Counsel who are, in turn, responsible for ensuring that copies are provided to the Court (*see* Section 9 below)---and finds that the posting of such Notice substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current Resonant Stockholders and all other Persons entitled thereto.

6.     Not later than fourteen (14) calendar days following entry of this Order, Resonant shall provide notice of the proposed Settlement to Current Resonant Stockholders by causing a Current Report on Form 8-K to be filed with the SEC substantially in the form of the Notice.  Resonant and/or its insurer(s) shall bear all costs relating to promulgating notice in the manner set forth above.

7.     At least ten (10) days prior to the Settlement Hearing, counsel for Resonant shall file proof of publication of the Notice as set forth in Paragraph 6 above.

8.     All papers in support of the Settlement and the Fee Award, including any Service Awards, shall be filed with the Court and served at least twenty-eight (28) days prior to the Settlement Hearing, and any reply papers shall be filed with the Court at least seven (7) days prior to the Settlement Hearing

9.     Any Current Resonant Stockholder may object and/or appear and show cause if he, she, or it, has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why the Fee Award, including any Service Awards, should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current Resonant Stockholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the Fee Award, unless that stockholder submits: (1) a written objection to the Settlement setting forth: (a) clearly indicating that objector's name, mailing address, daytime telephone number, and e-mail address (if any); (b) stating that the objector is objecting to the proposed Settlement or awards of attorneys' fees and expenses in *Doyle v. Lingren, et al.*, 15-cv-07568-SJO (MRWx) (C.D. Cal.); (c) specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (d) identifying and supplying documentation showing (i) how many shares of Resonant common stock the objector owned as of December 14, 2017, (ii) when the objector purchased or otherwise acquired such shares, and (iii) whether the objector still owns any such Resonant shares; and (2) if a Current Resonant Stockholder intends to appear and requests to be heard at the Settlement Hearing, such stockholder must submit, in addition to the requirements of (1) above: (a) a written notice of such stockholder's intention to appear at the Settlement Hearing; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the stockholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony.  If a Current Resonant Stockholder wishes to submit a written objection and/or written notice of intent to appear, such stockholder must, at least twenty-one (21) days prior to the Settlement Hearing, serve copies of such notice, proof, statement, and documentation, together

- 3 -

with copies of any other papers or briefs, upon each of the following, either by first class mail or hand delivery:

Counsel for Plaintiff:     Laurence Rosen
                           The Rosen Law Firm, P.A.
                           355 South Grand Avenue, Suite 2450
                           Los Angeles, CA 90071

Counsel for Defendants:    James N. Kramer
                           Orrick, Herrington & Sutcliffe LLP
                           The Orrick Building
                           405 Howard Street
                           San Francisco, CA 94105

Plaintiff's counsel shall be responsible for ensuring that copies of all Resonant stockholder submissions are provided to the Court in conjunction with their motion for final approval. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Hearing, except for good cause shown.

10.     Any Current Resonant Stockholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee Award, including any Service Awards, as set forth in the Stipulation, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

11.     Defendants' Counsel and Plaintiff's Counsel shall promptly furnish each other with copies of any and all objections and notices of intention to appear that come into their possession.

12.     All Current Resonant Stockholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Resonant Stockholders.

13.     Pending final determination of whether the Settlement should be approved, neither Plaintiff, Plaintiff's Counsel, nor any Current Resonant Stockholders or other Persons shall commence or prosecute, or in any way instigate

or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Individual Defendants, Resonant, or any other Released Person, in any court or tribunal.

14. The fact and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency or infirmity of any defense that has been or could have been asserted in the Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or against Plaintiff as evidence of any infirmity in her claims; or

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in

1   any action that may be brought against them to effectuate the liability protections
2   granted them thereunder, including, without limitation, to support a defense or claim
3   based on principles of *res judicata*, collateral estoppel, full faith and credit, release,
4   standing, good faith settlement, judgment bar or reduction or any other theory of
5   claim preclusion or issue preclusion or similar defense or claim under U.S. federal or
6   state law or foreign law.

7        15.   If the Stipulation is terminated pursuant to its terms, or the Effective
8   Date does not otherwise occur, all proceedings in the Action will revert to their status
9   as of the date immediately preceding the date of the Stipulation.

10       16.   The Court reserves the right to adjourn the date of the Settlement
11   Hearing or modify any other dates set forth herein without further notice to Current
12   Resonant Stockholders, and retains jurisdiction to consider all further applications
13   arising out of or connected with the Settlement.   The Court may approve the
14   Settlement and any of its terms, with such modifications as may be agreed to by the
15   Settling Parties, if appropriate, without further notice to Current Resonant
16   Stockholders.

17        IT IS SO ORDERED.

18
19                                          2/1/18
20   DATED:____
                                          _____
21                                        HON. S. JAMES OTERO
                                          UNITED STATES DISTRICT JUDGE
22
23
24
25
26
27
28

- 6 -